SEYFARTH SHAW LLP
Geoffrey C. Westbrook (SBN 281961)
gwestbrook@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, CA 95814-4428
Telephone: 916-498-7033
Facsimile: 916-558-4839

Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Kevin J. Mahoney (*pro hac vice*)
kmahoney@seyfarth.com
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

Attorneys for Plaintiff
VIBRANTCARE REHABILITATION, INC.

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

VIBRANTCARE REHABILITATION, INC.,

Plaintiff,

vs.

KIRAN DEOL, and John and Jane Does 1 through 10.

Defendants.

Case No. 2:20-CV-00791-MCE-AC

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 3

A. The Confidentiality Provision is the Only Restriction in the Agreement at Issue in this Lawsuit. ........ 3

B. The Confidentiality Provision is Valid and Enforceable. ........ 6

C. Enforcement of the Confidentiality Provision Does Not Prohibit Deol from Any Lawful Profession. ........ 8

D. VibrantCare's Claims for Unfair Competition and Breach of Fiduciary Duties are Not Preempted by CUTSA or in Violation of Public Policy. ........ 9

E. VibrantCare Sufficiently alleges a Claim for Misappropriation of Trade Secrets Under the DTSA and CUTSA. ........ 10

1. VibrantCare's Trade Secrets are Described with Sufficient Particularity. ........ 10

2. VibrantCare Sufficiently Alleges a Claim for Misappropriation. ........ 12

3. VibrantCare Sufficiently Alleges its Harm. ........ 13

F. If this Court is Inclined to Grant Deol's Motion, VibrantCare Should be Permitted to Amend its Complaint. ........ 13

G. Deol's Request for Fees and Costs is Both Substantively and Procedurally Improper. ........ 14

V. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Allied N. Am. Ins. Brokerage Corp. of California v. Woodruff-Sawyer*, No. C 04-2527 MJJ, 2005 WL 6583937 (N.D. Cal. Feb. 22, 2005) ... 4, 5

*Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) ... 12

*Autodesk, Inc. v. ZWCAD Software Co.*, No. 5:14-CV-01409-EJD, 2015 WL 2265479 (N.D. Cal. May 13, 2015) ... 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ... 3

*BladeRoom Grp. Ltd. v. Facebook, Inc.*, 219 F. Supp. 3d 984 (N.D. Cal. 2017) ... 3, 13

*Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 383 F. Supp. 3d 1169 (W.D. Wash. 2019) ... 12

*ChromaDex, Inc. v. Elysium Health, Inc.*, 369 F. Supp. 3d 983 (C.D. Cal. 2019) ... 9

*Chun Ping Turng v. Guaranteed Rate, Inc.*, 371 F. Supp. 3d 610 (N.D. Cal. 2019) ... 5

*E.D.C. Techs., Inc. v. Seidel*, 216 F. Supp. 3d 1012 (N.D. Cal. 2016) ... 6

*Edifecs Inc. v. TIBCO Software Inc.*, 756 F. Supp. 2d 1313 (W.D. Wash. 2010) ... 12

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ... 14

*Hiossen, Inc. v. Kim*, No. CV1601579SJOMRWX, 2016 WL 10987365 (C.D. Cal. Aug. 17, 2016) ... 9, 10

*Ikon Office Sols., Inc. v. Rezente*, No. 2:10-1704 WBS KJM, 2010 WL 5129293 (E.D. Cal. Dec. 9, 2010) ... 12

*Integral Dev. Corp. v. Tolat*, 675 F. App’x 700 (9th Cir. 2017) ... 9

*Mintel Learning Tech., Inc. v. Ambow Educ. Holding, Ltd.*, No. 5:11-CV-01504-EJD, 2012 WL 762126 (N.D. Cal. Mar. 8, 2012) ... 13

*New Mexico State Inv. Council v. Ernst & Young LLP*,
641 F.3d 1089 (9th Cir. 2011) ....................3

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) ....................14

*Power Integrations, Inc. v. De Lara*,
No. 20-CV-410-MMA (MSB), 2020 WL 1467406 (S.D. Cal. Mar. 26, 2020)....................11

*Robert Half Int'l, Inc. v. Murray*,
No. CV F-07-0799 LJOSMS, 2008 WL 2625857 (E.D. Cal. June 25, 2008) ....................6, 7

*Soo Park v. Thompson*,
851 F.3d 910 (9th Cir. 2017) ....................12

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
No. CV 18-9536-MWF (ASX), 2019 WL 6841992 (C.D. Cal. Oct. 30, 2019) ....................8

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ....................3

*StreamCast Networks, Inc. v. IBIS LLC*,
No. CV 05-04239, 2006 WL 5720345 (C.D. Cal. May 2, 2006) ....................13

*Thomas Weisel Partners LLC v. BNP Paribas*,
No. C 07-6198 MHP, 2010 WL 546497 (N.D. Cal. Feb. 10, 2010)....................4

*Vendavo, Inc. v. Price f(x) AG*,
No. 17-CV-06930-RS, 2018 WL 1456697 (N.D. Cal. Mar. 23, 2018) ....................10

*Winston Research Corp. v. Minnesota Mining and Manufacturing Co.*,
350 F.2d 134 (9th Cir. 1965) ....................4

*Zajicek v. Kool Vent Metal Awning Co.*,
283 F.2d 127 (9th Cir. 1960) ....................4

**STATE CASES**

*AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*,
28 Cal. App. 5th 923 (Ct. App. 2018)....................8, 9

*Dowell v. Biosense Webster, Inc.*,
179 Cal. App. 4th 564 (2009) ....................6

*Fowler v. Varian Assocs., Inc.*,
196 Cal. App. 3d 34 (Ct. App. 1987)....................5

*Hill Med. Corp. v. Wycoff*,
86 Cal.App.4th 895 (2001) ....................4

*Kolani v. Gluska*,
64 Cal.App.4th 402 (2d Dist. 1998)....4, 5

*The Ret. Grp. v. Galante*,
176 Cal. App. 4th 1226 (2009)....5, 8

**FEDERAL STATUTES**

Defend Trade Secrets Act.... passim

**STATE STATUTES**

California Business and Professions Code § 16600....4, 5, 6, 8

California Code of Civil Procedure § 2019.210....10

California Uniform Trade Secrets Act.... passim

**RULES**

Federal Rule of Civil Procedure 8....11, 13

Federal Rule of Civil Procedure 8(a)....3

Federal Rule of Civil Procedure 12(b)(6)....3

## I. INTRODUCTION

Just before leaving VibrantCare to join a competitor, Defendant Kiran Deol sent to her personal e-mail highly confidential business, patient, and other data, as well as sensitive internal communications. Based on this, and other abuses of her position just before her departure, VibrantCare sued Deol for trade secret misappropriation, breach of her Confidentiality Agreement, and other claims based on her fiduciary duties to VibrantCare.

Rather than address the actual bases of VibrantCare's suit, Deol's Motion discusses at length claims that VibrantCare did **not** assert and provisions of Deol's Agreement that VibrantCare is **not** seeking to enforce. Deol quotes at length and argues against the enforcement of non-competition and non-solicitation provisions of the Agreement, but VibrantCare never alleged that those provisions are the basis for its claims, or that they are at issue in this case at all. And while Deol also argues that VibrantCare is seeking to enforce the confidentiality provision in the Agreement "in a way that would effectively stop her from working," she does little to explain how that is the case. (Dkt. 5-1, p. 1.) Nothing in VibrantCare's Complaint—including the specific relief sought—seeks to stop Deol from "engaging in her profession—recruiting medical providers." (*Id.*, p. 10.) The *only* equitable relief sought by VibrantCare is that Deol be enjoined from using VibrantCare's confidential information and trade secrets, which she took from VibrantCare days before resigning. Deol is free to continue working as a recruiter in a proper manner for whomever she wishes. Deol is *not* free to use VibrantCare's confidential information and trade secrets that she misappropriated while doing so.

Deol's other arguments fail as well. VibrantCare's Complaint sufficiently identifies both the specific materials which Deol misappropriated as well as the circumstances under which she did so—by e-mailing highly sensitive documents to her personal e-mail address after announcing her resignation from VibrantCare, and just days before her final day of employment. VibrantCare also alleges that Deol breached her contractual and fiduciary duties to VibrantCare by, among other things, discouraging candidates from accepting employment at VibrantCare ***while she worked there,*** so that she could later solicit them on behalf of her new employer. Deol's insistence upon an absurdly high pleading standard is not supported by any of the cases she cites, and is not the law of this Circuit. Deol's tacked-on request for a finding of bad faith, after she admittedly sent highly sensitive VibrantCare documents to her

personal e-mail -- while still employed by VibrantCare and as its head of recruiting -- just days before joining a competitor, is disingenuous to say the least. Deol's Motion should be denied in its entirety.

## II.  FACTUAL BACKGROUND

The allegations of VibrantCare's Complaint, accepted as true in considering Deol's Motion, are as follows. Deol worked as the Director of Recruiting for VibrantCare from March of 2018 until she announced her resignation on January 19, 2020. (Dkt. 1, ¶¶ 4, 5.) Deol's resignation was effective January 31, 2020. (*Id.*) Before resigning, Deol accepted a position in recruiting for Golden Bear Physical Therapy and Sports Injury Center, Inc., which is a competitor of VibrantCare. (*Id.*) After Deol announced her resignation, VibrantCare investigated the use of her company-issued email account and electronic devices. (*Id.*, ¶ 6.) That investigation revealed that Deol—after announcing her resignation but just a few days before her last day of work—e-mailed highly sensitive VibrantCare information and documents to her personal e-mail account. (*Id.*) The information that Deol sent to herself just a few days before her resignation was effective included a highly confidential analysis prepared by other VibrantCare employees analyzing VibrantCare's referral sources and setting forth VibrantCare's business strategy in working with those sources in the future, as well as a report analyzing cancelled appointments at VibrantCare locations (a key metric driving the efficiency of VibrantCare's operations) and VibrantCare's strategy for reducing cancellations in the future. (*Id.*, ¶¶ 27, 28.) Shortly after Deol's resignation, VibrantCare also learned that she used highly confidential information about the identity of VibrantCare's vendors by reaching out to those vendors directly to perform work for Golden Bear. (*Id.*, ¶ 30.) VibrantCare also learned that Deol contacted its recruiting candidates while she was still employed by VibrantCare, and discouraged those individuals from accepting a position with VibrantCare in order to accept a position with Golden Bear instead. (*Id.*, ¶ 31.)

When VibrantCare demanded that Deol cease and desist from using its confidential information and trade secrets, it was Golden Bear that responded, with conflicting accounts of whether or not it had ever been in possession of the information that Deol misappropriated. (*Id.*, ¶ 33.) Deol's Motion claims that she made "numerous attempts to quell VibrantCare's unfounded suspicions…without the need for costly litigation." (Dkt. 5-1, p. 6.) But Deol's "attempts to quell" VibrantCare's suspicions were limited to (1) offering to have Deol state that she had done nothing wrong and (2) having Golden Bear conduct a

forensic analysis of Deol's personal computer using only search terms dictated by Golden Bear, and without any time frame for doing so. (*Id.*, ¶¶ 34, 35.) When no such forensic report was produced for several weeks, VibrantCare filed this lawsuit to protect its confidential and trade secret information. (*Id.*) VibrantCare asserts claims for Breach of Contract (Count I), Unfair Competition (Count II), Breach of Fiduciary Duty (Count III), Violation of the Defend Trade Secrets Act ("DTSA") (Count IV), and Violation of the California Uniform Trade Secrets Act ("CUTSA") (Count V). (Dkt. 1, pp. 7-12.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *BladeRoom Grp. Ltd. v. Facebook, Inc.*, 219 F. Supp. 3d 984, 988 (N.D. Cal. 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).) In considering a motion to dismiss pursuant to Rule 12(b)(6), the allegations in VibrantCare's Complaint are "accepted as true and viewed in the light most favorable to [it]." *New Mexico State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Notably, a plaintiff raising trade secret misappropriation claims is not required to allege specifically *how* it was damaged or how its information was wrongfully used at the pleading stage. *BladeRoom Grp. Ltd.*, 219 F. Supp. 3d at 991 (noting that allegation that "damaged the market for [plaintiff's] licensing of its trade secret to others" was sufficient at the pleading stage and that "[t]hough [defendant] would like more detail about how its purported conduct harmed [plaintiff's] licensing market, those specifics are not required at the pleading stage.").

## IV. ARGUMENT

### A. The Confidentiality Provision is the Only Restriction in the Agreement at Issue in this Lawsuit.

Deol devotes a significant portion of her Motion arguing against the non-competition and non-solicitation restrictions in the Agreement—restrictions that are not at issue in this case. As Deol herself acknowledges, VibrantCare's Complaint clearly states that its Breach of Contract claim only arises out

of the confidentiality provision in the Agreement.[1] (Dkt. 5-1, p. 8.) Yet in an effort to avoid that confidentiality provision, Deol simply lumps that restriction in with the Agreement's non-competition and non-solicitation restrictions, refers to them as the "Restrictive Covenant Agreement," and claims that all of those restrictions are void. (Dkt. 5-1, pp. 7-8.) Deol's argument is incorrect as a matter of law. California law is clear that where an enforceable confidentiality provision is included in an agreement with purportedly unenforceable restrictive covenants, the confidentiality provision should be severed from the rest of the agreement and enforced. In *Allied N. Am. Ins. Brokerage Corp. of California v. Woodruff-Sawyer*, the Court explained at length the problem with the approach that Deol suggests here:

> Initially, there is no support for Defendants' argument that the non-compete provision is not severable and that the Producer Agreement is entirely void. It is clear that a court may not reform or restructure an invalid non-compete provision in order to bring it into compliance with Section 16600. *Kolani v. Gluska*, 64 Cal.App.4th 402, 407–08 (2d Dist. 1998); *Hill Med. Corp. v. Wycoff*, 86 Cal.App.4th 895, 908, 103 Cal.Rptr.2d 779 (2001) (citing *Kolani*, supra ). These cases, however, only addressed the power of the court to rewrite non-compete provisions. *Id.* (holding that to allow such reformation would permit employers to insert overbroad, facially invalid non-compete provisions, relying on infrequent challenges by employees.) **<u>In the present case, the Court is not asked to rewrite the noncompete provision, but to enforce a separate provision of the contract</u>**…Because the non-compete provision is already inapplicable by its own terms and is not intertwined with the non-solicitation and non-disclosure provisions, the Court need not rewrite anything. Instead, the Court has the power to sever the offending noncompete provision and enforce the remainder of the contract.

*Allied N. Am. Ins. Brokerage Corp. of California v. Woodruff-Sawyer*, No. C 04-2527 MJJ, 2005 WL 6583937, at *7 (N.D. Cal. Feb. 22, 2005) (emphasis added); *see also Winston Research Corp. v. Minnesota Mining and Manufacturing Co.*, 350 F.2d 134, 140 (9th Cir. 1965) (citing *Zajicek v. Kool Vent Metal Awning Co.*, 283 F.2d 127, 131 (9th Cir. 1960)) (holding that the "to that extent void" language of Section 16600 indicated the legislature's intent to allow severance, and severing enforceable confidentiality restriction from non-compete provision); *Thomas Weisel Partners LLC v. BNP Paribas*,

[1] To be clear, Deol claims that VibrantCare "tries to narrowly draft its complaint to only arise out of the confidentiality provision [of the Agreement]." (Dkt. 5-1, p. 8). Ostensibly, Deol means that VibrantCare only drafted its Breach of Contract claim to arise out of the confidentiality provision of the Agreement. VibrantCare's remaining claims are not based on contract, and Deol's fiduciary duty to her employer, as well as her obligations under the DTSA and CUTSA, exist regardless of any agreement between her and VibrantCare.

No. C 07-6198 MHP, 2010 WL 546497, at *7 (N.D. Cal. Feb. 10, 2010) (enforcing "permissible confidentiality and 'no solicitation' language" in an agreement also containing unenforceable provisions).

As was the case in *Allied*, VibrantCare is *not* asking this Court to reform or re-write the non-compete or non-solicitation provisions of the Agreement. And just like in *Allied*, the Agreement specifically provides for the severance of any unenforceable provisions of the Agreement, with enforceable provisions remaining fully enforceable. (Dkt. 1, p. 18, ¶ 10); *Chun Ping Turng v. Guaranteed Rate, Inc.*, 371 F. Supp. 3d 610, 632 (N.D. Cal. 2019) ("Severability clauses evidence the parties' intent that, to the extent possible, the valid provisions of the contracts be given effect, even if some provision is found to be invalid or unlawful…. The presence of a severability clause makes severance more feasible.") (internal citations omitted).

Deol's reliance upon *Kolani v. Gluska*, 64 Cal.App.4th 402, 407–08 (2d Dist. 1998), for the notion that the presence of a non-compete provision invalidates every other provision in an otherwise valid agreement, is misplaced for the same reasons that were explained by the Court in *Allied*. (Dkt. 5-1, p. 8.) The *Kolani* decision only addressed whether a Court could *reform* an overly broad restrictive covenant to make it enforceable. *Kolani* at 408. But VibrantCare, like the plaintiff in *Allied*, is not asking the Court "to rewrite the noncompete provision, but to enforce a separate provision of the contract." *Allied N. Am. Ins. Brokerage Corp. of California*, 2005 WL 6583937, at *7. Deol offers no authority for the notion that because her Agreement contains a non-compete provision, the confidentiality provision should be found unenforceable as well. And Deol's claim that if any contract "impedes a profession, it is void" goes far beyond what California law states. Section 16600 of the California Business and Professions Code prohibits substantial restraints upon a *lawful* profession, trade, or business. Cal. Bus. & Prof. Code § 16600. But there is nothing "lawful' about Deol's use of VibrantCare's confidential information and trade secrets in her new role: a premise confirmed by the long line of cases enforcing confidentiality restrictions under California law. *See Fowler v. Varian Assocs., Inc.*, 196 Cal. App. 3d 34, 44, (Ct. App. 1987) ("…agreements designed to protect an employer's proprietary information do not violate section 16600."); *The Ret. Grp. v. Galante*, 176 Cal. App. 4th 1226, 1237 (2009) ("An equally lengthy line of cases has consistently held former employees may not misappropriate the former employer's trade secrets to unfairly compete with the former

employer."); *E.D.C. Techs., Inc. v. Seidel*, 216 F. Supp. 3d 1012, 1015 (N.D. Cal. 2016) (restriction on post-employment activity did not violate Section 16600 because "courts have found an exception to section 16600, however, where the agreement is 'necessary to protect the employer's trade secrets' or confidential information.").

The only restriction upon Deol's post-employment activity that VibrantCare seeks to enforce in this lawsuit is the restriction upon her unlawful use of VibrantCare's confidential information and trade secrets in her new role. Regardless of whether other restrictions exist in the Agreement, the confidentiality is enforceable on its own, and does not substantially impair any *lawful* activity by Deol. Deol's Motion should be denied.

**B. The Confidentiality Provision is Valid and Enforceable.**

Turning her attention from the provisions of the Agreement that are *not* the basis of VibrantCare's claims, Deol argues that the confidentiality provision in the Agreement is unenforceable because it is not narrowly tailored to protect VibrantCare's trade secrets. (Dkt. 5-1, p. 8.) Again, the lone case cited by Deol does not support her argument, and the confidentiality provision in the Agreement protects the information that Deol learned by virtue of her employment with VibrantCare—a restriction long upheld by California law.

First, the *only* authority cited by Deol for her argument that "a confidentiality agreement is void and unenforceable when it is not-narrowly tailored to protect trade secrets" is *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 575 (2009). (Dkt. 5-1, pp. 8-9.) But *Dowell* did not involve a confidentiality restriction—it *solely* addressed non-competition and non-solicitation provisions. *Id.* at 564. That Court's holding that a post-employment restriction must be narrowly tailored to protect trade secrets was in the context of "the noncompete and nonsolicitation clauses" in the agreement at issue in that case. *Id.* Deol cites no authority for the idea that her confidentiality provision must be found unenforceable as a matter of law, especially at the *pleading* stage, based on alleged overbreadth. **<u>In fact, this Court has found just the opposite</u>**: the allegations of alleged overbreadth of a confidentiality agreement is a fact intensive inquiry ill-suited to resolution as a matter of law. *See Robert Half Int'l, Inc. v. Murray*, No. CV F-07-0799 LJOSMS, 2008 WL 2625857, at *11 (E.D. Cal. June 25, 2008) ("Whether the non-disclosure provision is vague and over broad cannot be decided upon summary

judgment because it requires an interpretation of the terms of the contract [defendant] claims are vague or overbroad.")

Deol suggests that the confidentiality provision in the Agreement is unenforceable because it prohibits her from using VibrantCare's confidential information in a way that is detrimental to VibrantCare, suggesting that this would prohibit Deol "from revealing VibrantCare's personnel practices in to [sic] the EEOC" because doing so could be detrimental to VibrantCare. (Dkt. 5-1, p. 8.) Deol does not cite any authority for the proposition she appears to be suggesting—that the confidentiality provision needs to expressly exclude reports to government agencies in order to be enforceable—because no such authority exists. To state the obvious, VibrantCare is not seeking to enforce the Agreement to prevent Deol from speaking to the EEOC—it is seeking to enforce the Agreement to prevent Deol from using the highly confidential and trade secret information that she misappropriated just days before leaving VibrantCare's employ. Deol cannot escape her confidentiality obligations to VibrantCare by wildly hypothesizing about scenarios that have nothing at all to do with this case.

Deol's claim that the confidentiality provision in the Agreement restricts her from using publicly available information like VibrantCare's mailing address is similarly unavailing. (Dkt. 5-1, p. 8.) The Agreement prohibits Deol from disclosing information that was "furnished to [her] by VibrantCare" or otherwise acquired or developed by Deol "during the course of [her] employment." (Dkt. 1, p. 16, ¶ 1.) Publicly-available information, such as where VibrantCare is physically located, can be readily obtained by Deol outside the course of her employment, and is thus not prohibited from disclosure. And again, Deol is not alleged to have misappropriated information about VibrantCare's mailing address—she misappropriated highly confidential documents that indisputably came to her during the course of her employment by e-mailing them to herself just days before resigning. Deol's argument that the confidentiality provision is overbroad is not only improperly considered at the pleading stage, it is simply incorrect. *Robert Half Int'l, Inc.* 2008 WL 2625857, at *11.

///

///

///

**C. Enforcement of the Confidentiality Provision Does Not Prohibit Deol from Any Lawful Profession.**

Next, Deol claims that VibrantCare's confidentiality provision restrains her ability to practice her chosen profession in violation of Section 16600. (Dkt. 5-1, pp. 9-10.) To begin with, Deol's claim that she would be substantially restrained from her ability to practice her chosen profession if the confidentiality provision were enforced is a *factual* claim—one that is not presented in VibrantCare's Complaint, that is unsupported by any declaration or other competent evidence from Deol, and that cannot be properly considered at the pleading stage anyway. *See SPS Techs., LLC v. Briles Aerospace, Inc.*, No. CV 18-9536-MWF (ASX), 2019 WL 6841992, at *13 (C.D. Cal. Oct. 30, 2019) (denying motion to dismiss claims that confidentiality restrictions violated Section 16600 because "whether these provisions operate as a substantial restraint for purposes of section 16600 is a fact-intensive inquiry.")

Even if the question of whether Deol is substantially restrained from her new employment *could* be considered at this stage, Deol again misrepresents the holding of the sole case upon which she relies. In *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923 (Ct. App. 2018), while the entire agreement was labeled a "confidentiality and non-disclosure agreement," the provision that the Court *specifically* considered and invalidated was a non-solicitation restriction. (*Id.* at 936) ("Turning to the instant case, we independently conclude that the **nonsolicitation of employee provision** in the CNDA is void under section 16600.") (emphasis added). In fact, the *AMN* decision specifically referred to the court's prior decision in *Galante*, which itself expressly stated that "it is not the solicitation of the customers, **but is instead the unfair competition or misuse of trade secret information**, that may be enjoined" without violating Section 16600. *Galante*, 176 Cal. App. 4th at 1239–40 (emphasis added). Nothing in *AMN* or *Galante* stated that a confidentiality provision, in and of itself, was unenforceable because it prohibited a party from practicing his or her chosen profession in violation of Section 16600, as Deol now claims. And while the *AMN* court also refused to enjoin the defendant's former employees from using alleged trade secret information belonging to their former employer, it only did so after considering substantial amounts of evidence from each side upon a motion for summary judgment—not at the pleading stage. *AMN Healthcare, Inc.*, 28 Cal. App. 5th at 933. Moreover, the *AMN* court only reached that holding after finding, based on those lengthy evidentiary submissions, that the purported

trade secrets did not qualify as such because the information at issue was publicly available elsewhere. *Id.* at 943. Deol's Motion does not mention any of this, focusing solely on the fact that both cases involved medical personnel recruiters, while ignoring every other procedural and factual difference. Nothing in *AMN* supports granting the extraordinary relief that Deol seeks here at the pleading stage, before any evidence has been considered. Deol's Motion to Dismiss should be denied on those grounds.

**D. VibrantCare's Claims for Unfair Competition and Breach of Fiduciary Duties are Not Preempted by CUTSA or in Violation of Public Policy.**

Deol also moves to dismiss VibrantCare's claims for unfair competition (Count II) and breach of fiduciary duty (Count III) on two grounds: (1) the claims "violate public policy" and (2) the claims are preempted by CUTSA. (Dkt. 5-1, pp. 10-11.)[2] Both arguments rest on the faulty premise that the *sole* basis for Counts II and III is Deol's misappropriation of trade secrets.

While Deol is correct that CUTSA preempts certain common law claims based on the same nucleus of facts, she ignores the fact that **VibrantCare's common law claims here are not *solely* founded upon her misappropriation of its trade secrets and confidential information**. Specifically, VibrantCare alleges that Deol began telling potential recruits not to accept employment with VibrantCare *while she was still working there*, so that they could instead accept employment with Golden Bear, with whom she had already accepted employment. (Dkt. 1, ¶ 31.) In other words, **Deol was already working to further the interests of her new employer while still employed, and being paid, by VibrantCare.** Those allegations are not based on the misappropriation of any confidential information, and "CUTSA does not preempt breach of fiduciary duty claims where those claims are not premised on the taking or use of confidential information." *ChromaDex, Inc. v. Elysium Health, Inc.*, 369 F. Supp. 3d 983, 989 (C.D. Cal. 2019); *Hiossen, Inc. v. Kim*, No. CV1601579SJOMRWX, 2016 WL 10987365, at *16 (C.D. Cal. Aug. 17, 2016) (finding CUTSA preemption did not preempt fiduciary duty

[2] It is unclear whether Deol also argues that VibrantCare's claim for Breach of Contract claim (Count I) is preempted—the introduction section of her Motion claims that "Counts I-III" are all preempted, but her argument section only argues that Counts II and III are preempted. (Dkt. 5-1, pp. 2, 10-11.) Count I is not preempted because CUTSA states on its face that it does not preempt contractual claims. *See Integral Dev. Corp. v. Tolat*, 675 F. App'x 700, 704 (9th Cir. 2017) ("The plain language of CUTSA also provides that it does not preempt 'contractual remedies, whether or not based upon misappropriation of a trade secret.'")

claims where former employee was accused of directing opportunities to new employer while still working for plaintiff).

Deol argues that Counts II and III should be dismissed because they are "against public policy." (Dkt. 5-1, p. 11.) Deol's "public policy" argument also fails for the same reasons, and for the same reasons as her arguments against the confidentiality provision fail. Deol claims that VibrantCare's Unfair Competition and Breach of Fiduciary Duty claims both "seek to achieve the same goal: preventing Ms. Deol from competing with VibrantCare." (Dkt. 5-1, p. 10.) But neither claim seeks to prevent Deol from working *anywhere*, and both claims are based at least in part on Deol's usurpment of opportunities from VibrantCare while still employed there, not just her misappropriation of confidential information and trade secrets. Neither claim is against any California public policy: as noted by the Court in *Hiossen*, "[w]hile California law does permit an employee to seek other employment and even to make some 'preparations to compete' before resigning ..., California law does not authorize an employee to transfer his loyalty to a competitor." *Id.* **At bottom, Plaintiff communicated with VibrantCare's candidates, on VibrantCare time and during her employment with VibrantCare, while being paid by VibrantCare—to steer candidates away from VibrantCare for the benefit of a competitor.** Deol's Motion to Dismiss Counts II and III should be denied on those grounds as well.

### E. VibrantCare Sufficiently alleges a Claim for Misappropriation of Trade Secrets Under the DTSA and CUTSA.

Deol argues that VibrantCare fails to state a claim under either the DTSA or CUTSA because (1) VibrantCare did not sufficiently allege the existence of a trade secret, (2) VibrantCare did not allege that Deol misappropriated those trade secrets, and (3) VibrantCare did not sufficiently allege resulting harm. All three arguments are incorrect under the facts and the law.

#### 1. VibrantCare's Trade Secrets are Described with Sufficient Particularity.

With regard to Deol's first argument, the requirement of particularly identifying each trade secret that VibrantCare alleges was misappropriated is a feature of California state civil procedure—not a federal pleading requirement. *See Vendavo, Inc. v. Price f(x) AG,* No. 17-CV-06930-RS, 2018 WL 1456697, at *4 n. 3 (N.D. Cal. Mar. 23, 2018) ("On reply, Price f(x) invokes California Code of Civil Procedure § 2019.210, a state procedural rule requiring a plaintiff to "identify the trade secret with

reasonable particularity" prior to commencing discovery. That provision does not create a pleading requirement even in state court, it certainly does not govern the adequacy of the complaint in federal court. If anything, **<u>it supports the notion that plaintiffs cannot be expected to disclose publicly in the complaint the very secrets they are seeking to protect.</u>**") (emphasis added). The *Power Integrations* decision that Deol relies upon almost exclusively for her argument also noted the distinction:

> The Court finds that the DTSA does not incorporate California's Uniform Trade Secrets Act pleading standard requiring particularity…..Although "elements of a trade secret misappropriation claim under the DTSA are substantially similar to those under older state statutes," … the similarity pertains to the substantive elements and does not pertain to the procedural pleading standard. Thus, absent any explicit language in the DTSA requiring a heightened pleading standard or allegations of fraud or mistake, the Court finds that it must apply the general rules of pleading under Rule 8.

*Power Integrations, Inc. v. De Lara*, No. 20-CV-410-MMA (MSB), 2020 WL 1467406, at *17 (S.D. Cal. Mar. 26, 2020).

VibrantCare is not required to "spell out the details of the trade secret" in its pleading, but must only minimally provide "reasonable notice of the issues…" *Autodesk, Inc. v. ZWCAD Software Co.*, No. 5:14-CV-01409-EJD, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015). VibrantCare's Complaint clears that hurdle, and regardless of what standard is applied, the allegations in VibrantCare's Complaint are clearly more detailed than those in the lone case cited by Deol.

In *Power Integrations*, the description of trade secrets with which the Court took issue was simply a recitation of "the forms and types of trade secrets actionable under the DTSA." *Power Integrations, Inc.* at *18. VibrantCare's Complaint, on the other hand, clearly identifies those trade secrets that Deol is alleged to have misappropriated: (1) the identity of the vendors that VibrantCare worked with; (2) "a highly confidential analysis prepared by other VibrantCare employees analyzing VibrantCare's referral sources and setting forth VibrantCare's business strategy in working with those sources in the future" and (3) a "highly confidential report detailing the percentages of cancelled appointments at VibrantCare locations in several states (a key metric driving the efficiency of VibrantCare's operations), and discussing VibrantCare's strategy to increase scheduling efficiency in the future." (Dkt. 1, ¶ 27-28.) Both e-mails included sensitive patient information. (*Id.*)

Deol can hardly claim that she is unaware of the trade secrets at issue in this proceeding when VibrantCare identified some of the documents containing those trade secrets, as well as the time when Deol sent those documents to her personal e-mail account. Deol cannot escape her legal obligations by insisting upon an impossibly high pleading standard.

**2. VibrantCare Sufficiently Alleges a Claim for Misappropriation.**

Next, Deol argues that VibrantCare must allege more than her "mere possession" of its trade secrets and has not done so. (Dkt. 5-1, p. 13.) The problem is that Deol conflates "use" and "mere possession" with "unlawful acquisition." "As [CUTSA] explains, even unlawful acquisition of a trade secret can constitute misappropriation." *Ikon Office Sols., Inc. v. Rezente*, No. 2:10-1704 WBS KJM, 2010 WL 5129293, at *3 (E.D. Cal. Dec. 9, 2010). Multiple courts within the Ninth Circuit found that what VibrantCare alleges that Deol did here—e-mailing herself highly confidential and trade secret information just days before resigning to join a competitor—is sufficient on its own to state a claim for misappropriation under the CUTSA or the DTSA. *See id.* (CUTSA claims adequately set forth where employee was alleged to have accessed sensitive information hours before resignation); *Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 383 F. Supp. 3d 1169, 1184 (W.D. Wash. 2019) (allegation that former employee e-mailed himself trade secrets "in the hours before leaving [former employer]" in order to divulge the information to [new employer] was sufficient to state a claim under the DTSA); *Edifecs Inc. v. TIBCO Software Inc.*, 756 F. Supp. 2d 1313, 1320 (W.D. Wash. 2010) (applying California law and dismissing claims, but distinguishing dismissed allegations from those in the case where an employee "downloaded information from his office laptop to a USB drive" shortly before resigning and suggesting that such allegations *would* state a claim).

To be clear, VibrantCare also sufficiently alleges that Deol is using its trade secret and confidential information on behalf of her new employer. (Dkt. 1, ¶ 30.) But Deol's argument that VibrantCare must allege specifically *how* she is doing so, at the pleading stage, is without merit considering that the information is squarely in the possession of Deol. *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations and quotation marks omitted)) (noting that a plaintiff may plead facts upon information and belief "where the facts are peculiarly within the possession and control of the defendant or where the

belief is based on factual information that makes the **inference of culpability plausible**.") (emphasis added). VibrantCare's allegations regarding the circumstances of Deol's unlawful acquisition of its trade secrets, combined with the timing of her resignation and acceptance of other employment, make the inference of culpability here more than plausible, and are thus sufficient to state a claim for misappropriation under the DTSA or the CUTSA.

**3. VibrantCare Sufficiently Alleges its Harm.**

Lastly, Deol argues that VibrantCare's claims should be dismissed because it has not adequately alleged any actual harm. (Dkt. 5-1, p. 13.) But again, Deol's argument is without merit, and this time not supported by any authority at all because the law in this Circuit is inapposite. VibrantCare alleges that Deol's actions damaged its goodwill, reputation, and legitimate business interest. (Dkt. 1, ¶¶ 65, 78.) Under federal pleading standards, this is more than sufficient. *See BladeRoom Grp. Ltd.*, 219 F. Supp. 3d at 991 (noting that allegation that "damaged the market for [plaintiff's] licensing of its trade secret to others" was sufficient at pleading stage and that "[t]hough [defendant] would like more detail about how its purported conduct harmed [plaintiff's] licensing market, those specifics are not required at the pleading stage."). *See also StreamCast Networks, Inc. v. IBIS LLC*, No. CV 05-04239, 2006 WL 5720345 at *5 (C.D. Cal. May 2, 2006) ("Under Rule 8, the fact of damage-and the type of damage-can be alleged in conclusory terms."); *Mintel Learning Tech., Inc. v. Ambow Educ. Holding, Ltd.*, No. 5:11-CV-01504-EJD, 2012 WL 762126 at *3 (N.D. Cal. Mar. 8, 2012) ("While omitting facts as to a necessary element of the cause of action may often render a claim insufficient, the failure to specifically plead the amount of harm or the mechanism of causation is not necessarily fatal to a complaint.").

**F. If this Court is Inclined to Grant Deol's Motion, VibrantCare Should be Permitted to Amend its Complaint.**

Deol argues that if the Complaint is dismissed, VibrantCare should be precluded from amending its claims and refiling its Complaint because any amendment "would be either futile or in bad faith." (Dkt. 5-1, pp. 13-14.) As shown above, Deol's arguments are baseless, and in most instances are either unsupported or flatly contradicted by the authority she cites in support. Even if this Court were to find that VibrantCare's allegations were insufficiently plead, which they are not, the leave to amend "shall be freely given when justice so requires" and the Ninth Circuit has stressed that "[t]his policy 'is to be

applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).) Deol's bid to escape her legal obligations to VibrantCare by preventing any amendment of VibrantCare's claims flies in the face of that policy, and should be denied.

**G. Deol's Request for Fees and Costs is Both Substantively and Procedurally Improper.**

Deol argues that she is entitled to an "award of her fees and costs related to having to respond to VibrantCare's baseless claims." (Dkt. 5-1, p. 14.) Deol's request, particularly in light of her apparent admission (Dkt. 1, p. 29) that she sent confidential VibrantCare documents to her personal e-mail account just days before resigning, is bold to say the least. For all the reasons set forth above, Deol's request for fees is without any merit at all. Deol misappropriated VibrantCare's confidential and trade secret information, but also breached her fiduciary duties to VibrantCare and unfairly competed against it. Not only is Deol's request without any substantive merit, it is procedurally improper as well when not presented as a separate motion, but buried in a single paragraph on page 14 of her Motion.

## V. CONCLUSION

Deol's Motion closes by claiming that "[a]t a time when California and the world are reeling from staggering unemployment due to the coronavirus, VibrantCare tries to stop Ms. Deol from working…" (Dkt. 5-1, p. 15.) VibrantCare is not seeking to stop Deol from working, and a pandemic is not a free pass to steal trade secrets and confidential information, nor to breach one's fiduciary obligations to one's employer. VibrantCare respectfully requests that this Court deny Deol's Motion in its entirety, including its request for fees and costs. To the extent that the Court is inclined to dismiss any portion of VibrantCare's Complaint, VibrantCare respectfully requests leave to amend its allegations.

Dated: May 28, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Geoffrey C. Westbrook*
Geoffrey C. Westbrook
Michael D. Wexler
Kevin J. Mahoney
Attorneys for Plaintiff
VIBRANTCARE REHABILITATION, INC.