UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIBRANTCARE REHABILITATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIRAN DEOL, and John and Jane Does 1 through 10. <br><br> Defendants. | No. 2:20-cv-00791-MCE-AC <br><br><br> **MEMORANDUM AND ORDER** |

By way of the present action, Plaintiff VibrantCare Rehabilitation, Inc. ("Plaintiff"), seeks damages from its former employee, Defendant Kiran Deol ("Defendant") stemming from Defendant's conduct at or around the end of her employment with Plaintiff. Complaint, ECF No. 1.  Plaintiff alleges claims for misappropriation of trade secrets in violation of federal and California law, breach of contract, breach of fiduciary duty, and violation of California's unfair competition law, Cal. Business and Professions Code §§ 17200, et seq., ("UCL").  Id.  Now before the Court is Defendant's Motion to Dismiss Plaintiff's complaint and request for attorneys' fees.  Def. Mot. to Dismiss, ECF No. 5.[1]

---

[1] Defendant also filed a belated motion to compel arbitration earlier this month.  ECF No. 15. Having resolved the original motion to dismiss as set forth below, the Court declines to reach the merits of that Motion now.  Defendant's Motion is instead DENIED without prejudice to renewal, if appropriate, after Plaintiff is permitted the opportunity to amend its Complaint so that it is clear what claims are before the Court and are subject to Defendant's request to arbitrate.

For the foregoing reasons, the Defendant's Motion is GRANTED in part and DENIED in part.[2]

## BACKGROUND[3]

Plaintiff is a California corporation that provides outpatient physical and occupational therapy services. Plaintiff's physical and occupational therapists provide services to patients recovering from surgeries, strokes, amputations, traumatic injuries, or are otherwise in need of medical care. The United States apparently has a shortage of qualified physical and occupational therapists, and the competition between Plaintiff and other providers to hire and retain therapists is significant. Competition for patients and referral sources is likewise substantial. Plaintiff makes considerable, continuous investments to develop its proprietary business models, strategies, and development information to maintain a competitive advantage in the market.

Defendant was employed by Plaintiff as the Director of Recruiting from March 2018 until she announced her resignation on or around January 19, 2020, to be effective January 31, 2020. In consideration of her employment with Plaintiff and her access to its confidential information and trade secrets, Defendant and Plaintiff executed the VibrantCare Employee Agreement ("Restrictive Covenant") in March 2018. By executing the Restrictive Covenant, Defendant specifically agreed to refrain from disclosing "confidential material" or removing such information from the Company without prior authorization.

Unbeknownst to Plaintiff, before announcing her resignation, Defendant accepted a position in recruiting from a competing provider, Golden Bear Physical Therapy and Sports Injury Center, Inc. ("Golden Bear"). Sometime after Defendant announced her

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. ECF No. 16; see E.D. Cal. Local R. 230(g).

[3] The following recitation of factual background is largely taken, and at times verbatim, from the Plaintiff's Complaint, ECF No. 1.

1  resignation, Plaintiff conducted an internal electronic investigation of Defendant's
2  company-issued email account and electronic devices.  The investigation revealed that
3  while still employed with Plaintiff, Defendant used her work-issued email to send to her
4  personal email account a "highly confidential analysis" prepared by the Plaintiff and other
5  documents setting forth Plaintiff's confidential business strategy and development
6  metrics.  The email in question contained information that Plaintiff alleges constitutes a
7  "trade secret" as that term is understood by the California Uniform Trade Secret Act, Cal.
8  Civ. Code §§ 3426 et seq., ("CUTSA"), and the federal Defense of Trade Secrets Act,
9  18 USC § 1833 ("DTSA").  Plaintiff did not at any time authorize Defendant to forward
10 the material to herself in alleged breach of the Restrictive Covenant.
11         Plaintiff further alleges, "upon information and belief," that between announcing
12 her resignation and the resignation's effective date, Defendant contacted various hiring
13 candidates and discouraged those individuals from accepting employment with Plaintiff.
14         Before initiating the instant litigation, Plaintiff sent Defendant a demand letter
15 reminding her of her obligations under the Restrictive Covenant.  Among the demands
16 were that Defendant not take any steps to use, access, or alter the emailed material until
17 further notice.  Golden Bear responded on behalf of Defendant and offered to conduct
18 an investigation on its own terms.  Plaintiff refused and this lawsuit resulted.
19
20                                 **STANDARD**
21
22         On a motion to dismiss for failure to state a claim under Federal Rule of Civil
23 Procedure 12(b)(6), all allegations of material fact must be accepted as true and
24 construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins.</u>
25 <u>Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain
26 statement of the claim showing that the pleader is entitled to relief" in order to "give the
27 defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Bell</u>
28 <u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41,

47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

Defendant moves to dismiss Plaintiff's claims as a matter of law for failure to sufficiently state a claim. The Plaintiff's claims are so fatally flawed, Defendant argues, that the Court should not only dismiss them with prejudice, but also award attorneys' fees. While some of Defendant's arguments have merit, the Court nonetheless refuses Defendant's invitation to dismiss with prejudice or to award attorneys' fees.[4]

Per its Complaint, Plaintiff seeks to recover for breach of contract, breach of fiduciary duties, violation of the UCL, and misappropriation of trade secrets under both the CUTSA and DTSA. In moving to dismiss, Defendant argues that CUTSA preempt Counts Two and Three. Def. Mot. to Dismiss, ECF No. 5. Further, Defendant contends that the Plaintiff's pleadings in Counts Four and Five are insufficient to state a claim under the two statutes. Id. Finally, Defendant argues that Count One should be dismissed as a matter of law as well. Id. This Court reviews the Complaint considering both Defendant's arguments and the requisite pleading standard.

///

---

[4] Further discussion of these issues is unnecessary.

### A. CUTSA and DTSA

Claims for trade secret misappropriation under the federal DTSA and California's CUTSA are substantially similar, and accordingly, Courts have analyzed them together. InteliClear, LLC v. ETC Global Holdings, Inc., 978 F.3d 653, 657-58 (9th Cir. 2020) (internal citations omitted). The elements of a CUTSA/DTSA claim are: (1) plaintiff possessed a trade secret; (d) the defendant misappropriated a trade secret; and (3) the misappropriation caused or threatened damage to the plaintiff. See id. (listing elements of DTSA claim); see also Integral Dev. Corp. v. Tolat, 675 Fed. Appx. 700, 702 (9th Cir. 2017) (listing the nearly identical elements of CUTSA claim).

A trade secret is:

> information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d).

The Plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or . . . those persons . . . skilled in the trade." Imax Corp. v. Cinema Techs., Inc., 152 F.3d 1161, 1164-65 (9th Cir. 1998) (internal quotation marks and emphasis omitted). However, Plaintiff is not required to spell out the details of the trade secret in its pleading. Ahern Rentals, Inc. v. Equipmentshare.com Inc., No. 2:19-cv-01788-MCE-KJN, 2020 WL 3511438 at *3 (E.D. Cal. 2020).

Plaintiff has sufficiently pled the possession of a trade secret. Plaintiff's Complaint states that it expends "substantial, continuous investments to develop its proprietary" information relating to its business models and business strategies that allow it to remain competitive and successful. Compl. ¶¶ 14-16. It then goes on to allege facts supporting the second prong of the trade secrets definition. Employees who seek to access the information must first "enter into agreements requiring them to keep that

information confidential," the information is restricted by electronic encryption, and accessing the information requires "unique login credentials and passwords issued by VibrantCare." Id. at ¶ 17.  These methods constitute reasonable efforts expended by Plaintiff to keep the information secret.  See Farmers Ins. Exch. v. Steele Ins. Agency, Inc., No. 2:13-cv-00784-MCE-DAD, 2013 WL 3872950 at *15-16 (E.D. Cal. 2013) (denying motion to dismiss when Plaintiff used nearly identical measures to protect their trade secrets).  Plaintiff has thus sufficiently pled the existence and possession of "trade secrets" as that term is defined by the CUTSA and DTSA.

Plaintiff has also sufficiently pled misappropriation by the Defendant.  "[E]ven unlawful acquisition of a trade secret can constitute misappropriation." Ikon Office Sols., Inc. v. Rezente, No. 2:10-cv-01704-WBS-KJM, 2010 WL 5129293 at *3 (E.D. Cal. 2010). The complaint provides ample facts supporting such "unlawful acquisition." Id.  Plaintiff specifically details how Defendant sent herself the trade secret information via email, in violation of her contract and her fiduciary duties.  Compl. ¶¶ 26-29, 37-43, 49-53.  Thus, the Court determines that the Plaintiff pled sufficient facts to establish the second element of its trade secret causes of action.

Finally, the Court finds Plaintiff's statements of damage to be sufficient for purposes of Federal Rule of Civil Procedure 8.  See BladeRoom Group, Ltd. v. Facebook, Inc., 219 F. Supp. 3d 984, 991 (N.D. Cal. 2017) (alleging loss of goodwill is sufficient for pleading stage).  Plaintiff articulates the magnitude of competition in the relevant market and the sensitivity of the trade secret information to their ability to compete.  Compl. ¶¶ 13-17, 23-31.  Additionally, Plaintiff states that Defendant's misappropriation of the trade secrets has resulted in damage to its goodwill.  Compl. ¶¶ 65, 78, ECF No. 1. Taken as true for the purposes of this motion, these allegations plausibly demonstrate that Plaintiff was harmed by the Defendant's misappropriation. Accord Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  Accordingly, the Court DENIES Defendant's Motion to Dismiss Counts Four and Five of the Complaint.

///

**B.     Preemption**

Defendant next contends that Plaintiff's breach of fiduciary duties and UCL claims are preempted by CUTSA. "Claims based entirely on the same factual allegations that form the basis of [the] trade secrets claim are preempted." Farmers Ins. Exch. v. Steele Ins. Agency, Inc., 2013 WL 3872950 at *7 (internal quotations omitted). Reviewing Counts Two and Three, the UCL and breach of fiduciary duties claims, this Court finds they are mainly predicated on the "same factual allegations that form the basis of the trade secrets claim." Id.

### 1.     UCL Claim

California's UCL statute prohibits "any unlawful, unfair, or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. Count Two, the UCL claim, is derivative in nature and the plaintiff "must state with reasonable particularity the facts supporting the statutory elements of the violation." Ikon Office Solutions, Inc. v. Rezente, 2010 WL 5129293 at *5 (citing Khoury v. Maly's of Cal., Inc., 14 Cal. App. 612, 619 (1993). The Complaint alleges that the UCL claim is based on the Defendant's misappropriation of trade secrets. Thus, to the extent that this claim is based on the same facts as the trade secrets claim, it is preempted by CUTSA. Accordingly, the Court DISMISSES Count Two with leave to amend.

### 2.     Breach of Fiduciary Duty

Count Three of the Complaint alleges Defendant breached her fiduciary duties to the Plaintiff, including her duty of loyalty. To state a claim for breach of duty of loyalty, the Plaintiff must plead facts going to the "(1) the existence of a relationship giving rise to a duty of loyalty; (2) one or more breaches of that duty; and (3) damage proximately caused by that breach." Ikon Office Solutions, Inc. v. Rezente, 2010 WL 5129293 at *5 (citing Huong Que, Inc. v. Luu, 150 Cal. App. 4th 400, 410 (2007)). "Employees owe a duty of loyalty to their employers." Id.

Count Three, breach of fiduciary duty, while similarly predicated on the same facts as the trade secrets claim, is also based on Plaintiff's allegations that while employed by

1  Plaintiff, the Defendant "discourag[ed] hiring candidates from accepting employment with
2  VibrantCare so that Deol could later solicit their employment at Golden Bear."  Compl.
3  ¶ 51.  Taking these allegations as true for the purposes of the instant motion, this Court
4  concludes that Plaintiff has sufficiently alleged existence of a duty of loyalty and a
5  breach of that duty.  However, Plaintiff's Complaint does not allege any damage
6  proximately caused by the Defendant's breach.  As portions of the claim are preempted
7  by CUTSA, and the Plaintiff failed to allege damages proximately caused by the breach,
8  the Court DISMISSES Count Three with leave to amend.

### C. Breach of Contract

10  Count One of the Complaint alleges Defendant breached her contract with
11  Plaintiff by misappropriating trade secrets in violation of a confidentiality clause of her
12  employment contract.  Compl. ¶ 37-43.  To state a claim for breach of contract, a plaintiff
13  must plead: (1) existence of the contract; (2) plaintiff's performance or excuse for
14  nonperformance of the contract; (3) defendant's breach of the contract; and (4) resulting
15  damages.  Jackson v. Ocwen Loan Servicing, LLC, No. 2:10-cv-00711-MCE-GGH, 2011
16  WL 587587 at *2 (E.D. Cal. 2011) (citing Armstrong Petrol. Corp. v. Tri Valley Oil & Gas
17  Co., 116 Cal. App. 4th 1375, 1391, n.6 (2004)).

18  As a threshold matter, Plaintiff's Complaint sufficiently alleges the existence of a
19  contract—the Restrictive Covenant—and supplies factual allegations detailing
20  Defendant's breach.  The Complaint meticulously details the relevant portions of the
21  Restrictive Covenant and how Defendant nonetheless sent "confidential information" to
22  her personal email in violation of the contract's terms.  Compl. ¶¶ 19-31.  Defendant
23  does not dispute the claim's factual sufficiency.  Instead, she contends it is invalid
24  because the underlying contract was illegal and void, thereby mandating dismissal as a
25  matter of law.  Def. Mot. to Dismiss, ECF No. 5.  Defendant cites to California Business
26  and Professions Code, § 16600 to support her contention in this regard.

27  Section 16600 states in relevant part: "every contract by which anyone is
28  restrained from engaging in a lawful profession, trade, or business of any kind is to that

extent void." Cal. Bus. & Prof. Code § 16600 (emphasis added). "Under the statute's plain meaning . . . an employer cannot by contract restrain a former employee from engaging in his or her profession, trade, or business . . . ." Edwards v. Arthur Andersen LLP, 44 Cal. 4th 937, 946-47 (2008). Similarly, § 16600's "to that extent void" language evidences the legislatures intent to sever invalid portions of contracts. Fields v. QSP Inc., No. CV-12-01238-CAS(PJWx), 2012 WL 2049528 at *10 (C.D. Cal. 2012). Under California law, "a court has discretion to either sever an unconscionable provision from an agreement, or refuse to enforce the agreement in its entirety." Pokorny v. Quixtar, Inc., 601 F.3d 987, 1005 (9th Cir. 2010). "A plaintiff may succeed on a breach of contract claim" as § 16600 does not automatically invalidate the underlying contract when the alleged breach is the misappropriation of trade secrets. Farmers Ins. Exch. v. Steele Ins. Agency, Inc., 2013 WL 3872950 at *13 (citing Bank of Am., N.A. v. Lee, No. 08-CV-05546-CAS(JWJx), 2008 WL 4351348 at *6 (C.D. Cal. 2008)).

Here, Defendant implores the Court to read the Restrictive Covenant as essentially an illegal restraint on trade, as opposed to a contract with various clauses, including one for severability. Defendant argues that the entire contract is void because the contract contains a non-compete clause, which a lengthy line of California cases hold unlawful, and the non-disclosure clause is so broad it would restrict Defendant's pursuit of her chosen career path—recruiting.

The Court declines Defendant's invitation to read the Restrictive Covenant in its entirety as violative as § 16600, because the only provision at issue here is the non-disclosure clause. Per the Complaint, Plaintiff's breach of contract claim is grounded only on Defendant's alleged breach of the non-disclosure provision, not any other portion of the contract. Compl. ¶ 23. Even if the Court were to assume that the entire contract is at issue, the contract's severability clause, in addition to § 16600's own severability language, undermines Defendant's argument. Indeed, if the non-compete clause is invalid, this Court retains the power and discretion to sever the offending portion from the
///

Restrictive Covenant. Pokorny, 601 F.3d at 1005. The non-disclosure clause would still survive.

The Court finds Defendant's second argument equally unpersuasive. The non-disclosure clause seeks to prevent employees from disclosing material that would damage the company. It does not, by its own terms, seek to limit the future employment of an employee, nor does it suffer from "overbreadth." Id. Employees can comply with the non-disclosure clause and still work in their chosen fields. See, e.g., Edwards, 44 Cal. 4th at 946-47 (analyzing California caselaw applying § 16600). Accordingly, for the aforementioned reasons, the Court DENIES Defendant's Motion to Dismiss as to Count One of the Complaint as a matter of law.

**CONCLUSION**

Defendant's Motion to Dismiss (ECF No. 5) is GRANTED in part with leave to amend (Counts Two and Three) and DENIED in part (Counts One, Four, and Five, and attorneys' fees). Should they so choose, the Plaintiff may file a First Amended Complaint not later than twenty (20) days following the date this Memorandum and Order is electronically filed. If Plaintiff fails to timely file an amended complaint, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties. Defendant's Motion to Compel Arbitration (ECF No. 15) is DENIED without prejudice to renewal, either after Plaintiff amends its Complaint or after the time for such amendment has passed.

IT IS SO ORDERED.

Dated: April 23, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE