UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIBRANTCARE REHABILITATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIRAN DEOL, and John and Jane Does 1 through 10. <br><br> Defendants. | No. 2:20-cv-00791-MCE-AC <br><br> **ORDER** |

By way of the present action, Plaintiff VibrantCare Rehabilitation, Inc. ("Plaintiff"), seeks damages from its former employee, Defendant Kiran Deol ("Defendant") stemming from Defendant's conduct at or around the end of her employment with Plaintiff. This Court previously granted in part and denied in part a motion to dismiss filed by Defendant. At that time, the Court also denied an after-filed motion to compel arbitration without prejudice to renewal once the time permitted for amendment had passed. Defendant then filed an answer, albeit before Plaintiff filed its First Amended Complaint ("FAC"), and then filed its renewed Motion to Compel Arbitration (ECF No. 26), which is presently before the Court. Because Defendant waived her right to arbitrate, her Motion is DENIED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

Plaintiff, as the party arguing for waiver, bears a heavy burden to show Defendant's: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Fisher v. A.G. Becker Paribas, Inc., 791 F.2d 691, 694 (9th Cir. 1986). Defendant had knowledge of the arbitration agreement once she signed it in March 2019, regardless of whether she remembered signing it in the first place. She nonetheless appeared in this action and moved to dismiss Plaintiff's claims on the merits without raising the issue of arbitrability. See Newirth by and through Newirth v. Aegis Senior Communities, LLC, 931 F.3d 935, 941 (9th Cir. 2019) ("Seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum."). It also wasn't until almost a year later that Defendant, who had also in the interim served her own substantial discovery requests on Plaintiff, filed her initial motion to compel arbitration.[2] Finally, by defending against Defendant's merits motion in this Court, Plaintiff was prejudiced by incurring costs it would not have born in an arbitral forum. Id. at 944. Given all of the foregoing, the Court concludes that Defendant waived her right to arbitrate, and her Motion to Compel Arbitration (ECF No. 26) is DENIED.

IT IS SO ORDERED.

Dated: September 27, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Defendant also filed an Answer well before one was required and without contesting her obligation to do so.

2