1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VIBRANTCARE REHABILITATION,          No.  2:20-cv-00791-MCE-AC
     INC,
12
                   Plaintiff,
13                                          ORDER
            v.
14
     KIRAN DEOL, and John and Jane Does 1
15   through 10,

16                 Defendant.

17

18          This matter is before the court on defendant's motion to compel discovery.  ECF No. 46.

19   The matter was taken under submission on the papers.  ECF No. 47.  The parties submitted the

20   required joint statement.  ECF No. 48.  Based on a review of all papers filed, the court DENIES

21   defendant's motion.

22                          I.      Relevant Background

23          Plaintiff VibrantCare is one of the largest providers of outpatient physical and

24   occupational therapy services in the Western United States.  ECF No. 23 at 2.  Plaintiff hired

25   defendant Kiran Deol in March of 2018 as a corporate recruiter.  Id.  In that role, Deol was

26   responsible for finding, soliciting, and hiring qualified therapists for VibrantCare's operations.

27   Doel later promoted to Director of Recruiting, where she was responsible for the oversight of

28   recruiting operations in multiple states.  Id.  According to VibrantCare's operative Amended

                                              1

Complaint, Doel had access to VibrantCare's confidential information and trade secrets regarding its vendor and referral network, patient scheduling system, business strategies, costs and payment structure, margins, and other highly sensitive information, which she used to attract candidates. Id.

On January 19, 2020, Doel gave notice of her resignation effective January 31, 2020. Id. VibrantCare alleges that it later discovered that by the time she resigned, Deol had been offered and accepted the position of Director of Talent Acquisition for Golden Bear Physical Therapy and Sports Injury Center, Inc. ("Golden Bear"), a direct competitor of VibrantCare's in Northern California. Id. Plaintiff alleges that Doel misappropriated a significant amount of VibrantCare's confidential, proprietary, and trade secret information before her resignation; specifically, Deol allegedly emailed VibrantCare's highly sensitive information and confidential patient information to her personal e-mail account in the days before her final workday with VibrantCare. Id. at 3.

Plaintiff alleges defendant violated the VibrantCare Employee Agreement she had signed, and brings a breach of contract claim. ECF No. 23. Plaintiff also brings claims for unfair competition, breach of fiduciary duty, violation of the Defend Trade Secrets Act, and violation of the California Uniform Trade Secrets Act. Id. at 9-13. The parties have been engaging in discovery. On May 17, 2021, the District Judge assigned to this case clarified that discovery closes 365 days from defendant Doel's answer (ECF No. 25); discovery therefore closes on April 11, 2023. See ECF No. 39.

## II.    Motion

Defendant filed the pending motion to compel on May 19, 2022. ECF No. 46. The parties filed the required joint statement on June 1, 2022. ECF No. 48.

## III.    Analysis

A. Legal Standard on Motion to Compel

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court,

however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties." Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Federal Rule of Civil Procedure 37(a)(3)(B), a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted ... as requested under Rule 34." The party seeking to compel discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial prejudice. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

B.  Interrogatory No. 5; Document Request Nos. 16-17[1]

The parties dispute the adequacy of responses to the following interrogatories and requests for production regarding VibrantCare's general protection of trade secrets:

Interrogatory No. 5:

> Identify all of Plaintiff's current or former officers, executives, or employees having recruiting duties who are not or were not, during their employment with VibrantCare, bound by any restrictive covenant agreement at any time from January 1, 2010 to the present.

VibrantCare's Response:

> VibrantCare objects to this interrogatory as not reasonably calculated to the discovery of admissible evidence, overly broad in substance

---

[1] The parties dispute several different discovery requests, which they jointly briefed by grouping related interrogatories and requests for production together by topic. ECF No. 48. Each group is addressed in the order that the parties addressed it in their joint statement. Id.

and in time, unduly burdensome, calling for information not relevant to any claim or defense in this matter, and calling for information as to other employees of VibrantCare that VibrantCare is legally prohibited from disclosing under California law. VibrantCare is not seeking to enforce any restrictive covenant against Defendant in this matter other than the confidentiality provision in her agreement with VibrantCare. Subject to and without waiving the foregoing objections, VibrantCare states that its current or former employees who were involved in recruiting were subject to confidentiality and non-disclosure restrictions similar or identical to those executed by Defendant.

Request No. 16:

All agreements containing restrictive covenants of any kind signed by employees or former employees of VibrantCare from January 2018 to the present.

VibrantCare's Response:

VibrantCare objects to this Request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calling for private records of unrelated third parties, and calling for information protected from disclosure by California state law. This lawsuit only concerns VibrantCare's enforcement of a confidentiality provision against Defendant. Any dispute that VibrantCare may have had with any other employee is not relevant to any claim or defense in this matter.

Request No. 17:

Any and all communications between or among any officers, directors, representatives, or employees of Plaintiff relating to any restrictive covenant with any employee, including without limitation any VibrantCare Employee Agreement signed by any VibrantCare employee within the last two years, related to the possible breach or enforcement of any such covenant or agreement by or against an such employee or former employee, including against Defendant. To the extent that you allege any communications are privileged, please include a privilege log identifying any responsive communications over which you assert a privilege.

VibrantCare's Response:

VibrantCare objects to this Request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calling for private records of unrelated third parties, and calling for information protected from disclosure by California state law. This lawsuit only concerns VibrantCare's enforcement of a confidentiality provision against Defendant. Any dispute that VibrantCare may have had with any other employee is not relevant to any claim or defense in this matter.

ECF No. 48 at 6-7.

1    Defendant argues that the discovery questions above "go directly to the heart of
2    VibrantCare's efforts to protect its alleged trade secrets" and are therefore relevant.  ECF No. 24
3    at 7.  Specifically, Doel argues that if VibrantCare does not consistently make and enforce
4    restrictive covenants with its officers, executives, and employees, it can be argued that
5    VibrantCare does not take reasonable efforts to protect its trade secrets.  Id.  VibrantCare states
6    that it will "produce information and documents showing it took reasonable measures to protect
7    from disclosure the information that VibrantCare contends Doel misappropriated from
8    VibrantCare."  Id. at 8.  However, VibrantCare contends Doel's discovery requests are overbroad
9    and irrelevant, and that they imply "VibrantCare must prove it took measures to protect all of its
10   trade secrets in order to have any information that qualifies as a trade secret."  Id. at 9.
11   VibrantCare reasserts that it "has already agreed to provide all relevant information pertaining to
12   the confidential and trade secret information that is actually at issue in this case."  Id.

13   The court agrees with VibrantCare that the above discovery questions are overbroad and
14   seek, at least in part, irrelevant information.  In general, "parties may obtain discovery regarding
15   any nonprivileged matter that is relevant to any party's claim or defense....Relevant information
16   need not be admissible at the trial if the discovery appears reasonably calculated to lead to the
17   discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "Relevance for purposes of
18   discovery is defined very broadly."  Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).
19   Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would
20   be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R.
21   Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to
22   encompass any matter that bears on, or that reasonably could lead to other matter that could bear
23   on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340,
24   351 (1978).  Relevance, however, does not establish discoverability; in 2015, a proportionality
25   requirement was added to Rule 26.  Under the amended Rule 26, relevance alone will not justify
26   discovery; discovery must also be proportional to the needs of the case.  "If the requirement for
27   proportionality in discovery means anything, however, it must mean that burdensome, tangential
28   discovery should not be permitted based on the mere possibility that something may turn up to

1    support what is otherwise only speculation." McCall v. State Farm Mut. Auto. Ins. Co., No. 2:16-

2    cv-01058-JAD-GWF, 2017 WL 3174914, at *9 (D. Nev. July 26, 2017).

3         The parties agree that Doel's discovery requests are relevant insofar as they pertain to

4    defendant herself, the particular trade secret information at issue in this case, and the agreement

5    defendant signed.  ECF No. 48 at 9.  For example, in response to Deol's Request No. 35,

6    VibrantCare agreed to produce responsive, non-privileged documents pertaining to all "internal

7    notes, memos, and written and/or email communications, relating to non-privileged

8    communications between or among any officers, directors, representatives, or employees of

9    Plaintiff at any time since January 2018 to the present regarding Defendant, Golden Bear, or any

10   of the allegations or claims contained in the Complaint, or the underlying factual bases for such

11   claims."  ECF No. 48 at 9-10.

12        As to Interrogatory No. 5, VibrantCare raised objections but ultimately adequately

13   responded to the question by stating that "its current or former employees who were involved in

14   recruiting were subject to confidentiality and non-disclosure restrictions similar or identical to

15   those executed by Defendant."  As to the requests for production, seeking "[a]ll agreements

16   containing restrictive covenants of any kind" and "all communications between or among any

17   officers, directors, representatives, or employees" related to any restrictive covenant are clearly

18   disproportionate to the issues present in this case.  Doel's reliance on Sprint Commc'ns Co. L.P.

19   v. Charter Commc'ns, Inc., No. 20-CV-2161-JWB-TJJ, 2020 WL 7770931, at *6 (D. Kan. Dec.

20   30, 2020) is not persuasive.  In the relied-on portion of that case, an RFP sought "each and every

21   measure taken to maintain secrecy of each alleged trade secret."  Id.  In contrast to the RFPs at

22   issue here, the RFP in Sprint was limited to the trade secrets at issue in the case; it did not seek

23   every measure taken to protect every trade secret companywide.  Here, RFP 16 and 17 are

24   overbroad and seek production that is disproportionate to the needs of the case.

25        C.   Interrogatory No. 10; Document Request No. 2

26        The parties dispute the following discovery requests with respect to vendor, customer,

27   client, and supplier related protection of trade secrets:

28   ////

6

1    Interrogatory No. 10:

2           Identify all contracts or agreements signed by any and all of
3    Plaintiff's customers, clients, vendors, suppliers or potential
     customers, clients, vendors, or suppliers that included any type of
     confidentiality or nondisclosure agreement or provision executed or
4    in effect at any time from January 1, 2010 to the present.

5    VibrantCare's Response:

6           VibrantCare objects to this interrogatory as not reasonably calculated
7    to the discovery of admissible evidence, overly broad in substance
     and in time, unduly burdensome, and calling for information not
     relevant to any claim or defense in this matter. Agreements that
8    VibrantCare may have with third parties are not at issue in this case,
     and their existence has no relevance to any claim or defense in this
9    case. VibrantCare further objects the timeframe of this interrogatory
     as unduly burdensome and not reasonably calculated to lead to the
10   discovery of admissible evidence.

11   Request No. 2:

12          Any and all documents distributed to Plaintiff's employees,
13   customers, vendors, or suppliers evidencing measures used to
     prevent disclosure of confidential, proprietary, or trade secret
14   information to competitors or others.

     VibrantCare's Response:
15
16          VibrantCare objects to this Request as overly broad and not
     reasonably calculated to lead to the discovery of admissible evidence
17   in that it seeks all documents distributed by VibrantCare to any third-
     party regarding the protection of any part of VibrantCare's
18   confidential and trade secret information, and is not limited to either
     Defendant or the confidential and trade secret information at issue in
     this case. Subject to and without waiving the foregoing objections,
19   VibrantCare will produce reasonably available, non-privileged
20   documents evidencing measures taken by VibrantCare to prevent
     disclosure of the confidential and trade secret information that
21   Defendant is alleged to have misappropriated in this matter.

22   ECF No. 48 at 10.

23          Both the dispute and the analysis here echo that above.  The Interrogatory and RFP as

24   drafted, seeking any and all information related to any and all trade secrets over a twelve year

25   period, are disproportionate to the needs of the case for the same reasons described above as to

26   Interrogatory No. 5 and its related document requests.

27   ////

28   ////

                                         7

1

   D.  <u>Request No. 18</u>

2

   The parties dispute the following request regarding production of employee email

3

communications:

4

Request No. 18:

5

6

7

         As to any witness identified in your initial disclosures, or who you
         anticipate you may call in this case, any and all email or other
         communications that they conducted on any VibrantCare owned
         device or system that they sent to a personal email account or other
         personal device or system at any time over the last five years.

8

VibrantCare's Response:

9

10

11

12

         VibrantCare objects to this Request as overly broad, unduly
         burdensome, and not reasonably calculated to lead to the discovery
         of admissible evidence. This lawsuit only concerns VibrantCare's
         enforcement of a confidentiality provision against Defendant. The
         actions of any other VibrantCare employee, regardless of whether or
         not identified as a witness, is not relevant to any claim or defense in
         this matter.

13

ECF No. 48 at 13.

14

   Once again, this request for production is overly broad and disproportionate to the needs

15

of this case.  The Request, as drafted, is not limited in scope to communications regarding trade

16

secrets, let alone the particular trade secrets at issue in this case.  This Request is not likely to lead

17

to relevant evidence and is excessive to the needs of the case.

18

   E.  <u>Interrogatory Nos. 3-4; Request No. 12</u>

19

   The parties dispute the following discovery request regarding information related to

20

plaintiff's other former employees:

21

Interrogatory No. 3:

22

23

         Identify all of Plaintiff's former employees who left their
         employment with Plaintiff at any time from January 1, 2010 to the
         present to work for competitors of Plaintiff.

24

VibrantCare's Response:

25

26

27

28

         VibrantCare objects to this interrogatory as not reasonably calculated
         to the discovery of admissible evidence, overly broad, unduly
         burdensome, calling for information not relevant to any claim or
         defense in this matter, and calling for information as to other
         employees of VibrantCare that VibrantCare is legally prohibited
         from disclosing under California law. VibrantCare is not seeking to
         enforce any non-competition restriction against Defendant in this

8

matter, and a request for information regarding any other employees of VibrantCare who may have joined any competitors at any time in the past decade has no relevance at all to the claims in this lawsuit.

Interrogatory No. 4:

For each former employee identified in response to Interrogatory No. 3, identify when each former employee left his or her employment with Plaintiff, the name of the company subsequently joined, when each former employee was known to start at such company, and what each former employee's job duties are known to be at such company.

VibrantCare's Response:

VibrantCare objects to this interrogatory as not reasonably calculated to the discovery of admissible evidence, overly broad, unduly burdensome, calling for information not relevant to any claim or defense in this matter, and calling for information as to other employees of VibrantCare that VibrantCare is legally prohibited from disclosing under California law. VibrantCare is not seeking to enforce any non-competition restriction against Defendant in this matter, and a request for detailed information on the subsequent job duties of other employees of VibrantCare who may have joined any competitors at any time in the past decade has no relevance at all to the claims in this lawsuit.

Request No. 12:

Any and all documents relating to any other employee or former employee who Plaintiff believes has gone to work for a competitor of VibrantCare within two (2) years of the end of their employment with Plaintiff, including, without limitation, a copy of each such individual's personnel file.

VibrantCare's Response:

VibrantCare objects to this Request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calling for private records of unrelated third parties, and calling for information protected from disclosure by California state law. This lawsuit only concerns VibrantCare's enforcement of a confidentiality provision against Defendant. Any dispute that VibrantCare may have had with any other employee is not relevant to any claim or defense in this matter. VibrantCare will not produce the entire personnel files or unrelated third parties.

Here again, the court agrees with VibrantCare that the discovery requests are overly broad and disproportionate to the needs of the case. As drafted, the requests would require plaintiff to do a companywide search and analysis of every employee that left in the last twelve years for any reason, regardless of whether the employee had access to the trade secrets at issue in this case.

////

9

These requests are overbroad, unduly burdensome, unlikely to lead to relevant evidence on their face, and disproportionate to the needs of the case.

F.   Interrogatory Nos. 6-7; Request No. 11

The parties dispute the following discovery requests regarding VibrantCare's communications with other former employees:

Interrogatory No. 6:

> Identify each and every communication between Plaintiff and any former employee identified in response to Interrogatory Nos. 3 and 4 upon the commencement, or within six (6) months thereafter, of such former employees' new employment with competitors of Plaintiff, including, but not limited to, cease and desist letters.

VibrantCare's Response:

> VibrantCare objects to this interrogatory as not reasonably calculated to the discovery of admissible evidence, overly broad, unduly burdensome, calling for information not relevant to any claim or defense in this matter, and calling for information as to other employees of VibrantCare that VibrantCare is legally prohibited from disclosing under California law. VibrantCare is not seeking to enforce any restrictive covenant against Defendant in this matter other than the confidentiality provision in her agreement with VibrantCare. Any information about VibrantCare's disputes with other former employees, even if such disputes existed, is not relevant to any claim or defense in this matter.

Interrogatory No. 7:

> Identify any and all lawsuits commenced against any former employee of Plaintiff for an alleged breach of such former employees' employment agreements or restrictive covenants, breach of the fiduciary duties, or misappropriation of trade secrets, from January 1, 2010 to the present.

VibrantCare's Response:

> VibrantCare objects to this Interrogatory as not reasonably calculated to the discovery of admissible evidence, overly broad, unduly burdensome, calling for information not relevant to any claim or defense in this matter, and calling for information as to other employees of VibrantCare that VibrantCare is legally prohibited from disclosing under California law. VibrantCare is not seeking to enforce any restrictive covenant against Defendant in this matter other than the confidentiality provision in her agreement with VibrantCare. Any information about VibrantCare's disputes with other former employees, even if such disputes existed, is not relevant to any claim or defense in this matter.

Request No. 11:

10

1
2

> Any and all documents relating to any other attempt(s) by Plaintiff
> to enforce its "VibrantCare Employee Agreement" against any other
> employee, including, without limitation, copies of any
> correspondence, demands, complaints, and settlement agreements.

3

VibrantCare's Response:

4
5
6
7

> VibrantCare objects to this Request as overly broad, unduly
> burdensome, and not reasonably calculated to lead to the discovery
> of admissible evidence. This lawsuit only concerns VibrantCare's
> enforcement of a confidentiality provision against Defendant. Any
> dispute that VibrantCare may have had with any other employee is
> not relevant to any claim or defense in this matter.

8

ECF No. 48 at 18-19.

9

Plaintiff states that during meet and confer, it agreed to: (1) amend its response to

10

Interrogatory No. 6 "to confirm that VibrantCare is not aware of any other former employees

11

having misappropriated the information that Deol stole from VibrantCare;" and (2) amend its

12

responses to Interrogatory No. 7 and Request for Production No. 11 "to state that it has not

13

commenced lawsuits against former employees for misappropriating the information that

14

VibrantCare alleges Deol misappropriated."  ECF No. 48 at 20; Westbrook Dec., Ex. C.  The

15

court finds this concession reasonable and to the extent the discovery request goes further (e.g.,

16

seeking any communications regarding any trade secrets, regardless of whether the trade secrets

17

are at issue in this case), it is overbroad, unduly burdensome, and disproportionate to the needs of

18

this case, for all the same reasons discussed above.

19

G.  Interrogatory Nos. 8-9

20

Finally, the parties dispute the following interrogatories addressing the sourcing of

21

plaintiff's other employees:

22

Interrogatory No. 8:

23
24

> Identify each and every employee of Plaintiff beginning their
> employment with Plaintiff at any time from January 1, 2010 to the
> present who came to Plaintiff from a competitor of Plaintiff.

25

VibrantCare's Response:

26
27
28

> VibrantCare objects to this interrogatory as not reasonably calculated
> to the discovery of admissible evidence, overly broad, unduly
> burdensome, calling for information not relevant to any claim or
> defense in this matter, and calling for information as to other
> employees of VibrantCare that VibrantCare is legally prohibited

11

1 | from disclosing under California law. VibrantCare is not seeking to
2 | enforce any restrictive covenant against Defendant in this matter
  | other than the confidentiality provision in her agreement with
3 | VibrantCare. The employment history of every other employee of
  | VibrantCare for the past decade, and whether that employee at some
4 | point worked for a competitor of VibrantCare, is not relevant to any
  | claim or defense in this matter.

5 | Interrogatory No. 9:

6 | Describe with specificity all measures taken by Plaintiff to ensure
  | Plaintiff does not use any confidential, proprietary, or trade secret
7 | information belonging to any other entity that may be in the
  | possession of Plaintiff or Plaintiff's employees.

8 | VibrantCare's Response:

9 |
10 | VibrantCare objects to this Interrogatory as not reasonably calculated
   | to the discovery of admissible evidence, overly broad, unduly
   | burdensome, and calling for information not relevant to any claim or
11 | defense in this matter. VibrantCare is not the Defendant in this case,
   | there are no allegations that VibrantCare has misappropriated any
12 | other party's confidential or trade secret information, and
   | information about what steps VibrantCare takes to ensure that it does
13 | not do so has no relevance to any claim or defense in this case.

14 | ECF No. 48 at 21-22.

15 | Defendant asserts that these questions go to her defense that plaintiff's claims are barred

16 | or diminished by the equitable doctrine of unclean hands. "The doctrine of unclean hands bars

17 | relief to a plaintiff who has violated conscience, good faith or other equitable principles in his

18 | prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently

19 | asserted." Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Educ., Inc., 621 F.3d 981,

20 | 986 (9th Cir. 2010) (quoting Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 173 (9th

21 | Cir. 1989)). Defendant summarizes her unclean hands defense as follows: "[t]he degree to which

22 | VibrantCare engages in the same activities that it alleges against Ms. Deol (i.e., hiring employees

23 | from competitors and using information obtained from its competitors) is relevant to determining

24 | the applicability of the affirmative defense. If VibrantCare frequently obtains information about

25 | its competitors for their former employees, VibrantCare would be less likely to receive equitable

26 | relief." ECF No. 48 at 22.

27 | As defendant acknowledges, the crux of the unclean hands defense "is not that the

28 | plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the

12

1   manner of dirtying renders inequitable the assertion of such rights against the defendant."

2   Republic Molding Corp. v. B.W. Photo Utils., 319 F.2d 347, 349 (9th Cir. 1963).  The discovery

3   questions above, as drafted, are aimed at "misconduct in the abstract" rather than misconduct

4   related to the specific claims against defendant, which involve breach of a confidentiality

5   agreement and not simply use of a competitor's information.  Asking plaintiff to trace the

6   employment history of all hires in all departments over the past 12, years with the intent of

7   identifying an instance in which an employee was hired from a competitor and brought any trade

8   secret to VibrantCare, is not sufficiently tied to the claims in this case to justify the requested

9   discovery on grounds of a possible unclean hands defense.  See, e.g., Medimpact Healthcare Sys.,

10  Inc. v. IQVIA Inc., No. 19-CV-1865-GPC-DEB, 2022 WL 126307, at *4 (S.D. Cal. Jan. 13,

11  2022) (citing Partners, Inc. v. FIGS, Inc., No. 19-cv-2286-GW-KSx, 2020 WL 4354172, *8 (C.D.

12  Cal. May 18, 2020) ("An unclean hands defense, therefore, would allow for discovery as to the

13  controversy at issue, which here, only concerns [defendant's] representations and advertising

14  about its ... products, not [plaintiff's] products or advertising.")); Winiadaewoo Elecs. Am., Inc. v.

15  Opta Corp., 13-cv-01247-VC-MEJ, 2018 U.S. Dist. LEXIS 121121, *5–6 (N.D. Cal. July 19,

16  2018) ("Defendant argues that the interrogatory is relevant to its unclean hands defense; however,

17  in order for the interrogatory to be relevant to Defendant's unclean hands defense, 'the

18  misconduct that brings the [un]clean hands doctrine into play must relate directly to the cause at

19  issue.  Past improper conduct or prior misconduct that only indirectly affects the problem before

20  the court does not suffice.'") (quoting Kendall-Jackson Winery, Ltd. v. Superior Court, 90 Cal.

21  Rptr. 2d 743 (1999)).  The Interrogatories at issue are overbroad, not likely to result in admissible

22  evidence, and disproportionate to the needs of this case.

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.    Conclusion

For the reasons explained above the motion to compel (ECF No. 46) is DENIED in its entirety.

IT IS SO ORDERED.

DATED: July 1, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

14