1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VIBRANTCARE REHABILITATION,              No.  2:20-cv-00791 MCE AC
     INC.,
12
                      Plaintiff,
13                                             ORDER

             v.
14
     KIRAN DEOL, and John and Jane Does
15   1through 10,

16                    Defendants.

17

18        This action was filed on April 16, 2020.  ECF No. 1.  The operative First Amended

19   Complaint is located at ECF No. 23.  Presently before the court is plaintiff's motion to compel a

20   forensic examination of defendant Kiran Doel's email and electronic devices.  ECF No. 63.  The

21   parties filed the required joint statement, and several declarations in support of the joint

22   statement.  ECF Nos. 65, 66, 67, 68.  Fact discovery in this action closes on February 7, 2024.

23   ECF No. 59.  The motion to compel was submitted on the papers.  ECF No. 69.  For or the

24   reasons set forth below, the motion is DENIED.

25                         I.      BACKGROUND

26        Plaintiff VibrantCare is one of the largest providers of outpatient physical and

27   occupational therapy services in the Western United States.  ECF No. 23 at 2.  Plaintiff hired

28   defendant Kiran Deol in March of 2018 as a corporate recruiter.  Id.  In that role, Deol was

                                              1

1  responsible for finding, soliciting, and hiring qualified therapists for VibrantCare's operations.

2  Doel later promoted to Director of Recruiting, where she was responsible for the oversight of

3  recruiting operations in multiple states.  Id.  According to VibrantCare's operative Amended

4  Complaint, Doel had access to VibrantCare's confidential information and trade secrets regarding

5  its vendor and referral network, patient scheduling system, business strategies, costs and payment

6  structure, margins, and other highly sensitive information, which she used to attract candidates.

7  Id.

8         On January 19, 2020, Doel gave notice of her resignation effective January 31, 2020.  Id.

9  VibrantCare alleges that it later discovered that by the time she resigned, Deol had been offered

10  and accepted the position of Director of Talent Acquisition for Golden Bear Physical Therapy and

11  Sports Injury Center, Inc. ("Golden Bear"), a direct competitor of VibrantCare's in Northern

12  California.  Id.  Plaintiff alleges that Doel misappropriated a significant amount of VibrantCare's

13  confidential, proprietary, and trade secret information before her resignation; specifically, Deol

14  allegedly emailed VibrantCare's highly sensitive information and confidential patient information

15  to her personal e-mail account in the days before her final workday with VibrantCare.  Id. at 3.

16  Plaintiff alleges that defendant violated the VibrantCare Employee Agreement she had signed,

17  and brings a breach of contract claim.  ECF No. 23.  Plaintiff also brings claims for unfair

18  competition, breach of fiduciary duty, violation of the Defend Trade Secrets Act, and violation of

19  the California Uniform Trade Secrets Act.  Id. at 9-13.

20         The parties have been progressing through discovery.  VibrantCare asserts that it has

21  served multiple discovery requests seeking to uncover the extent of Doel's misappropriation.

22  Specifically, VibrantCare believes that Doel misappropriated the following documents prior to

23  terminating her employment with VibrantCare: (1) a list of 162 physical therapy candidates with

24  whom she was in contact on behalf of VibrantCare ("Candidate List"); (2) a highly confidential

25  analysis prepared by other VibrantCare employees analyzing VibrantCare's referral sources and

26  setting forth VibrantCare's business strategy in working with those sources in the future

27  ("Referral Log Analysis"); (3) a highly confidential report detailing the percentages of cancelled

28  appointments at VibrantCare locations in several states ("Patient Cancel Report"); and (4) other

2

1  confidential information pertaining to VibrantCare's vendors and business strategies.  ECF No.

2  65 at 4.

3          In response to a request for production seeking all documents which refer or relate to

4  information Doel acquired at VibrantCare, Doel stated that she produced a document which was

5  initially an attachment to an email, but that she deleted the original email in or around February

6  2020.  Nordlander Dec., ¶ 4, Ex. B, Deol's Response To Request for Production No. 17.  Doel

7  wrote, "[a]t or near to the time when Defendant deleted the Deleted Email, Defendant retitled the

8  document to its present form solely to ensure that she did not directly interact for business

9  purposes with any candidates with whom she was involved in recruiting while working for

10  VibrantCare.  Defendant has no present memory of any other email subject to this request for

11  production that was sent from her VibrantCare email account to any other of her email accounts

12  and thereafter deleted."  Id.  The produced document is the "Candidate List—the list of 162

13  VibrantCare physical therapy candidates Deol prepared and forwarded to her personal email and

14  saved her to work computer at Golden Bear."  ECF No. 65 at 5.  VibrantCare contends that

15  Doel's response "vaguely alludes to Deol having deleted additional responsive documents, [and]

16  is a tacit acknowledgement of the fact that Deol has failed to produce the Patient Cancel Report

17  and Referral Log Analysis emails that Deol transferred to her personal email account on January

18  28, 2020, three days before the conclusion of Deol's employment."  Id. at 6.

19          VibrantCare served subsequent requests for production seeking, specifically, the Patient

20  Cancel Report and the Referral Log Analysis, but Doel responded that she had no responsive

21  documents to produce.  ECF No. 65 at 5.  VibrantCare then served Interrogatory No. 17, which

22  directed Deol to "[s]tate the time, date, and reason YOU deleted or destroyed any DOCUMENT

23  containing or relating to VIBRANTCARE BUSINESS INFORMATION that YOU sent from

24  kdeol@vibrantcarerehab.com to any non-VIBRANTCARE email address . . . .," and Deol

25  repeated her earlier response that she deleted the Candidate List email at some point in February

26  2020, but that she does not recall deleting any other emails.  Nordlander Dec., ¶ 7, Ex. E.  Finally,

27  VibrantCare served Request for Production No. 52 and 54 directing Doel to produce the digital

28  copies of her desktop computer and Kirandeol7@hotmail.com email account that Deol has

1  indicated her former attorneys prepared.  Deol objected and has refused to make the production.

2  The parties met and conferred and, unable to resolve the issue, VibrantCare brought this motion

3  for a forensic examination of plaintiff's devices.

## II.     LEGAL STANDARDS

5  The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure

6  26(b)(1).  The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as
> follows: Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the importance of
> the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources,
> the importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its likely
> benefit. Information within this scope of discovery need not be
> admissible in evidence to be discoverable.

13  Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or

14  less probable than it would be without the evidence; and (b) the fact is of consequence in

15  determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has

16  been construed broadly to encompass any matter that bears on, or that reasonably could lead to

17  other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc.

18  v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in

19  2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26,

20  discovery must be proportional to the needs of the case.

21  A party seeking to compel discovery has the initial burden to establish that its request is

22  proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden

23  of showing why discovery was denied; they must clarify and support their objections.

24  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).  General or boilerplate

25  objections, without explanation, are not prohibited but are insufficient as a sole basis for an

26  objection or privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court,

27  408 F.3d 1142, 1149 (9th Cir. 2005).

28  ////

4

### III.   DISCUSSION

1

2        In the absence of evidence to the contrary, plaintiff is required to accept defendant's

3   sworn statement that responsive documents/devices do not exist.  See e.g., Sanchez v. County of

4   Sacramento Sheriff's Dep't, No. 2:19-CV-01545 MCE AC, 2021 WL 2292776, *3, 2021 U.S.

5   Dist. LEXIS 105549, *3 (E.D. Cal. June 4, 2021); Mootry v. Flores, 2014 WL 3587839, *2, 2014

6   U.S. Dist. LEXIS 98941, *4 (E.D. Cal. 2014) ("Defendants cannot be required to produce

7   documents that do not exist.  Absent evidence to the contrary, which has not been presented,

8   Plaintiff is required to accept Defendants' response no such documents exist.").  Here, Deol

9   submitted an affidavit stating that she has no responsive documents: "I deleted VibrantCare

10  emails from my personal email account [after ending work at VibrantCare], including the email

11  containing a list of prospective physical therapists. I separately maintained a copy of that attached

12  list on my Golden Bear issued laptop so that I would know the individuals that I should avoid

13  contacting so that VibrantCare would not accuse me of violating the non-solicitation provision it

14  claimed bound my post-employment actions."  ECF No. 68 at 1.

15       Plaintiff has failed to put forth any concrete evidence that that Doel is being untruthful in

16  her assertions or that she was incomplete in her search.  Instead, plaintiff argues that Deol "claims

17  that she transferred VibrantCare's confidential and trade secret information to her personal email

18  account for purposes of performing her job duties in the days prior to the end of her employment"

19  and VibrantCare believes – for no specific reason – that this statement is untrue.  ECF No. 65 at

20  14.  VibrantCare argues that a forensic examination is necessary because "forensic evidence that

21  Deol accessed, transferred, or modified the files at issue after her last day of work would disprove

22  this already highly dubious explanation."  Id.  VibrantCare goes on to argue that "Deol also

23  claims that her destruction of evidence occurred before and was totally unrelated to VibrantCare

24  sending her a February 14, 2020 cease-and-desist letter. VibrantCare anticipates the forensic

25  examination will show that Deol's destruction of evidence occurred after she had notice of

26  VibrantCare's claims against her."  Id.  VibrantCare has not identified any basis for its belief that

27  a forensic examination will undermine Doel's statements.  Twisting Doel's responses to construe

28  them as "tacit admissions" of evidence destruction and generalized hunches that Doel is being

untruthful are not enough to support this motion.  Without a specific factual basis for defendant's

belief that Doel is being untruthful, the court will not order a forensic fishing expedition seeking

to undermine her testimony.

### IV.    CONCLUSION

For the foregoing reasons, plaintiff's motion to compel a forensic investigation (ECF No.

66) is DENIED.

IT IS SO ORDERED.

DATED: January 10, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE