UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIBRANTCARE REHABILITATION, INC., | No. 2:20-cv-00791-MCE-AC |
| Plaintiff, | **ORDER** |
| v. | |
| KIRAN DEOL, and John and Jane Does 1 through 10. | |
| Defendants. | |

By way of the present action, Plaintiff VibrantCare Rehabilitation, Inc. ("Plaintiff"), seeks damages from its former employee, Defendant Kiran Deol ("Defendant") stemming from Defendant's conduct at or around the end of her employment with Plaintiff. Presently before the Court is Plaintiff's Motion for Reconsideration (ECF No. 72) of the magistrate judge's order denying Plaintiff's Motion to Compel (ECF No. 70). For the following reasons, that Motion is DENIED.[1]

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). Under this standard, the Court must accept the Magistrate Judge's

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993) (internal quotation marks and citation omitted). If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that "it would have weighed the evidence differently." Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997) (internal quotation marks and citations omitted).

After reviewing the entire file, this Court cannot say that the Magistrate Judge's decisions outlined above were clearly erroneous. First, Defendant's request for a forensic examination of multiple devices and email addresses is expansive, overbroad, and burdensome. Second, and more importantly, the magistrate judge properly determined that Plaintiff failed to put forward sufficient, non-speculative evidence that Defendant has been untruthful in any of her discovery responses such that a forensic examination would be warranted in the first place. In fact, Plaintiff filed the underlying Motion to Compel based solely on Defendant's written discovery responses and without having even deposed Defendant. Finally, it appears to this Court that fact discovery closed on February 7, 2024, ECF No. 59, which would render this Motion moot in any event, absent modification of the pretrial scheduling order. Given the foregoing, Plaintiff's Motion for Reconsideration (ECF No. 72) is DENIED.

IT IS SO ORDERED.

Dated: April 12, 2024

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE