UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIBRANTCARE REHABILITATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIRAN DEOL, et al. <br><br> Defendants. | No. 2:20-cv-00791-MCE-AC <br><br> **ORDER** |

By way of the present action, Plaintiff VibrantCare Rehabilitation, Inc. ("Plaintiff"), seeks damages from its former employee, Kiran Deol ("Deol"), and her subsequent employers, Golden Bear Physical Therapy Sports Injury Center, Inc., and Golden Bear PT Partners, LLC, (together, "Golden Bear") (collectively with Deol, "Defendants") stemming from Defendant's conduct at or around the end of her employment with Plaintiff. Presently before the Court is Plaintiff's Motion to Modify Scheduling Order with Leave to Amend Complaint. ECF No. 78. For the following reasons, that Motion is DENIED.[1]

Generally, a motion to amend is subject to Federal Rule of Civil Procedure 15(a),[2]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, once a pretrial scheduling order is filed pursuant to Rule 16, "that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause," which "primarily considers the diligence of the party seeking the amendment." Id. at 609. "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion [to amend], the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. "If that party was not diligent, the inquiry should end." Id. Only upon a finding of good cause will the court then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard.

Good cause has not been shown. The action against Deol has been pending for over four years. She was not deposed until the eve of the close of fact discovery in early 2024, after the magistrate judge had denied Plaintiff's request to conduct a forensic examination of Deol's devices and this Court denied a motion to reconsider that decision. Regardless of whether Plaintiff believes it has now identified discrepancies in Deol's deposition testimony that justify revisiting its forensic examination request, which to be clear, the Court has not found, Plaintiff simply waited too long. Deol was the only Defendant in this action for years and Plaintiff had ample opportunity to depose her and address any purported need for a forensic examination over the years of litigation leading up to the recent discovery deadline.

Nor has Plaintiff shown that any involvement of Shore Capital Partners, LLC, ("Shore") was newly discovered in 2024. To the contrary, Defendants have offered evidence that Shore's potential role was identified in 2022 during the testimony of Bobby Ismail, Golden Bear's CEO and person most knowledgeable. Decl. of Joseph J. Kim, ECF No. 81-2, Ex. A. The relationship, or potential relationship, between the Golden Bear and Shore is not a newly discovered fact sufficient to warrant modifying the

scheduling order, reopening discovery, and amending the complaint.

Because Plaintiff has failed to show the requisite diligence to establish good cause under Rule 16, the Court need not reach the Rule 15 leave to amend standard. Plaintiff's Motion to Modify Scheduling Order with Leave to Amend Complaint (ECF No. 78) and Request for Hearing is DENIED.

IT IS SO ORDERED.

Dated:  June 6, 2024

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE